Richard S. BRASHER, Jr. *v.* STATE of Arkansas

CR 82-65                                   639 S.W.2d 50

Supreme Court of Arkansas
Opinion delivered September 20, 1982

*John W. Settle,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. At about 8:00 p.m. on March 11, 1981, two armed men entered a drugstore in Fort Smith and forced the clerks to turn over the money in the cash register. One of the men displayed a knife and had a dark pullover shirt drawn up over part of his face. The robbery was reported at once, with descriptions of the robbers being broadcast over the police radio. Within a very

few minutes two cruising police officers detained the appellant Brasher four or five blocks from the drugstore, because he matched the description of one robber in that he had on a dark pullover shirt, was of medium height and build, and had blond hair. Before the police placed Brasher under arrest one of the clerks, who was following Brasher, drove up and identified him as one of the robbers. When Brasher was patted down the police found a knife under his belt. A line-up was conducted at about 10:00 that night, with three clerks identifying Brasher.

Brasher was charged with aggravated robbery; the State also requested revocation of Brasher's suspended sentence in an earlier case. This appeal from a verdict and judgment finding Brasher guilty and fixing his sentence at 50 years comes to us under Rule 29 (1) (b). There is no substance to any of the appellant's arguments for reversal.

It is first argued that the trial judge should have recused himself, for bias, because he fixed Brasher's bond in the revocation case at $25,000 after a municipal judge had set a $5,000 bond in the present case. No testimony was taken upon the appellant's motion for recusal or with respect to the reasonableness of the $25,000 bond. It is simply argued that the trial judge's action in setting the $25,000 bond, in contrast to the smaller bond set by the municipal judge, showed such bias against Brasher that the circuit judge should have withdrawn from the case. In our opinion a mere statement of the argument is sufficient to show its total want of merit.

Second, it is argued that Brasher's knife and pullover shirt should have been excluded as evidence, because the police had no probable cause to stop Brasher as he walked down the street. Brasher did match the broadcast description except that his height is 5'10" instead of 5'7" and he was not wearing a jacket described in the broadcast. He could have discarded the jacket; the variance in height is trivial. Moreover, an eyewitness identified Brasher immediately after he was stopped. Thus there was ample probable cause for Brasher's detention and arrest.

Third, the line-up was not unfair. Brasher was slightly shorter than the other four men in the line-up, but they all had similar mustaches, they all wore similar jail clothing, and there is nothing in the picture of the line-up that tends to point to Brasher as a suspect. The public defender's fourth point, that two harmless remarks by the prosecutor called for a mistrial, is so lacking in merit that no discussion is necessary.

Affirmed.